**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **The Lamson & Sessions Co.** | ) | **CASE NO. 05-cv-2702** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **ATS Logistics Services, Inc.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

Defendant ATS Logistics Services, Inc., d.b.a. Sureway Transportation Company ("Sureway") has filed a Motion to Dismiss (Doc. 9). This case arises out of Plaintiff The Lamson & Sessions Company's ("Lamson") request to have Sureway defend and indemnify Lamson for a lawsuit now pending in Missouri State court. For the reasons that follow, Defendant's motion is DENIED.

1

**FACTS**

Plaintiff alleges the following.  Lamson and Sureway entered into a Motor Contract Carrier Transportation Agreement for Sureway to provide and broker shipping services for Lamson.  (Comp. ¶ 7, Ex. A).  That contract includes an indemnity provision.  (Comp. Ex. A, ¶ 11).

Sureway brokered a load to CR Trucking of Avon, Illinois.  (Comp. ¶ 11).  One of CR's drivers died in a motor vehicle accident while transporting a shipment of Lamson's products.  (Comp. ¶ 10).  The driver's wife then filed suit against Lamson in Missouri State court.  (Comp. ¶ 10, Ex. B).  The State court complaint alleges that Lamson's employees improperly secured a load to the truck.  When the driver rounded a turn in the highway, the load shifted and he lost control of his truck.  (Comp. Ex. B ¶ 11).  The State court complaint alleges counts of negligence and negligence per se.  (Comp. Ex. B).

Soon after it was served with the Missouri complaint, Lamson demanded that Sureway defend, hold harmless and indemnify Lamson for the claims in the State court action.  (Comp. ¶ 13, Ex. C).  Sureway refused, resulting in this Complaint.  Lamson brings two counts for declaratory relief.  The first seeks a declaration that Sureway has a duty to defend Lamson in the Missouri action while the second seeks a declaration that Sureway must indemnify Lamson for the claims in the Missouri action.  Lamson's third count alleges that Sureway's refusal to defend and indemnify is a breach of contract.

Sureway has filed a motion to dismiss.  First, it argues that the unambiguous terms of the contract do not include a duty to defend or indemnify against the Missouri action.  Second, Sureway claims that the Court need not entertain Lamson's claims for declaratory relief, since

2

the underlying State court dispute is unresolved and still pending.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). A claim is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993).

"In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

**DISCUSSION**

Sureway's first argument is based on the language of the contract's indemnity provision and the nature of the Missouri claims. It is undisputed that the Missouri action does not allege any negligence on behalf of Sureway or the driver Sureway brokered to transport Lamson

3

products. Indeed, the action has been brought by the decedent's wife, who clearly believes that her husband was not negligent. From this, Sureway concludes that only Lamson's negligence is at issue.

Sureway then points to the indemnity provision for the proposition that it has no duty to defend, hold harmless or indemnify Lamson for Lamson's negligence. The indemnity provision reads as follows:

> 11. **INDEMNITY**
> CARRIER [Sureway] shall defend, indemnify and hold SHIPPER [Lamson] harmless from and against any and all claims, liabilities, loss, cost or expense (including court costs and reasonable attorneys' fees) (collectively "Losses") including, but not limited to Losses for injury to or death of persons or damage to property arising out of the performance of this Agreement and for any claims, costs and expense, including but not limited to court costs and reasonable attorney's fees incurred by [Lamson] as a result of [Sureway's] breach of any of these terms of this Agreement and the services contemplated hereunder.

(Ex. A, ¶ 11).

Sureway first argues that it "reasonably agreed to indemnify Lamson only if [Sureway's] failure to perform some aspect of the Agreement caused a loss to Lamson." (Brf. p. 2, 6). This is clearly wrong with respect to indemnity, since the language of paragraph 11 includes a duty to indemnify for "Losses for injury to or death of persons or damage to property *arising out the performance of this Agreement*[,]" (emphasis added) not merely when the agreement is breached.

In its Reply, Sureway changes course and applies this argument specifically to the duty to defend. It points to the language regarding "court costs and reasonable attorney's fees incurred by [Lamson] as a result of [Sureway's] breach of any of these terms of this Agreement[,]" and posits that this was meant to limit the duty to defend to instances where Sureway breached the Agreement. However, costs and attorneys' fees are forms of monetary

4

losses (as defined by the Agreement), and do not necessarily implicate a duty to defend. The only usage of the word "defend" appears at the beginning of paragraph 11, and applies also to the "performance of this Agreement" clause.[1]

Sureway next argues that the Missouri claim does not arise out of *its* performance of the Agreement. Sureway notes in its Reply that Lamson has failed to point to a specific provision of the agreement that the Missouri state action is based on. However, paragraph 11 is very broad. Sureway was the "CARRIER" under the Agreement. Whether the driver was a Sureway employee or "merely brokered" by Sureway, it appears that Sureway still had its obligations as the carrier. Moreover, Sureway's duty extends to indemnifying and defending against any and all losses, "*including, but not limited to* Losses for injury to or death of persons or damage to property arising out of the performance of this Agreement . . . ." (emphasis added). Given the expansive obligations contemplated by paragraph 11, the Court cannot conclude that Lamson can prove no set of facts in support of its claim that Sureway's brokering of the load falls within the scope of that paragraph.

In further support of its claims, Lamson argues that paragraph 11 also covers its performance under the agreement. It notes that the language at issue is not limited to Sureway's performance of the agreement ("arising out of the performance of this Agreement") while the parties did limit Sureway's obligations in other instances. In paragraph 13, the Agreement states that Sureway will only be liable for losses of the goods shipped "resulting from CARRIER's

---

[1] "CARRIER shall defend . . . SHIPPER . . . from and against any and all [Losses] including, but not limited to Losses for injury to or death of persons or damage to property arising out of the performance of this Agreement . . . ."

5

performance of or failure to perform the services provided for in this Agreement . . . ." Under the principle that terms in the same contract should be read consistently, it would render the later specific reference to the "CARRIER's performance" in paragraph 13 superfluous if that same limitation was read into the generic "the performance" found in paragraph 11. *DiMarco v. Shay*, 796 N.E.2d 572, 577 (Ohio App. 10th Dist. 2003); *Sherock v. Ohio Mun. League Joint Self-Ins. Pool*, No. 2002-T-0022, 2004 WL 605105, *4 (Ohio App. 11th Dist. 2004). Accordingly, while Sureway notes language in the Agreement that required Lamson to load trailers, this merely highlights that even Lamson's loading obligation could be read as arising out of the performance of the agreement under paragraph 11.

Finally, Sureway argues that Ohio courts narrowly construe attempts to obtain indemnity for one's own negligence. The case cited by Sureway actually runs counter to its position. Although Ohio courts may generally construe such clauses narrowly, they do not do so where the parties are commercial entities. *Glaspell v. Ohio Edison Co.*, 505 N.E.2d 264, 267 (Ohio 1987). Accordingly, the Court concludes that Lamson's Complaint properly states claims for which relief can be granted.

As an alternative ground for dismissal, Sureway argues that compelling prudential considerations require dismissal. District courts have significant discretion in deciding whether or not to entertain a declaratory judgment action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). Whether initiated by insurance companies or private litigants seeking to enforce an indemnity obligation, it is quite common for federal declaratory judgment actions regarding coverage to arise in the wake of underlying State tort actions. *Scottsdale Ins. Co. v. Roumph*,

211 F.3d 964, 967 (6th Cir. 2000).  There is no blanket rule in such cases.[2]  Rather, the Court must apply the following five-part test:

> (1) whether the judgment would settle the controversy;
>
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
>
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
>
> (5) whether there is an alternative remedy that is better or more effective.

*Scottsdale*, 211 F.3d at 968; *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir. 1990).

The first factor is whether the judgment would settle the controversy.  Here, there are two distinct lawsuits.  Sureway is not a party in the Missouri lawsuit and does not expect to be.  The only issue before this Court is the purported obligation to defend and indemnify Lamson.  The parties do not dispute that a decision by this Court would render a final and complete resolution of this issue.

The second factor is whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue.  Sureway cites a number of cases that support the proposition that there is little value in adjudicating an indemnity obligation until the

---

[2] "[T]his court [has] rejected the notion that there is a *per se* rule which prevents the exercise of jurisdiction over any declaratory judgment action brought by an insurer to determine a coverage question as to a pending tort suit." *Aetna Cas. Sur. Co. v. Sunshine Corp.*, 74 F.3d 685, 687-88 (6th Cir. 1996).

underlying liability has been resolved.[3]  *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1169 (7th Cir. 1969); *Am. Home Assurance Co. v. Liberty Mut. Ins. Co.*, 475 F. Supp. 1169, 1175 (E.D. Pa. 1979); *New York Cent. R.R. Co. v. Colonial Stores, Inc.*, 332 F. Supp. 531 (S.D. Ohio 1971); *Maryland Cas. Co. v. Transp. Underwriters*, 240 F. Supp. 192, (N.D. Ohio 1965). Lamson responds with a number of cases that have come to the opposite conclusion.  *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Am. States Ins. Co. v. D'Atri*, 375 F.2d 761, 762 (6th Cir. 1967); *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 380 (4th Cir. 1994); *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143, 145 (9th Cir. 1994).

Importantly, Lamson also states a claim that Sureway has a present duty to defend it in the Missouri action.  This obligation attaches regardless of the outcome of the Missouri litigation and is a proper subject for declaratory relief.[4]  *D'Atri*, 375 F.2d at 762; *see also Michigan Mut. Ins. Co. v. Royal Indem. Co.*, 313 F.2d 467, 468 (6th Cir. 1963) (deciding whether an obligation to defend existed); *Nautilus*, 15 F.3d at 380 (holding that "this action was filed in an entirely proper effort to obtain prompt resolution of a dispute over a liability insurer's obligation to defend and indemnify its insured against certain tort claims then being pressed in state court");

---

[3] Sureway also argues that the Court should not decide uncertain or doubtful claims of indemnity, citing *Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165, 1169 (7th Cir. 1969).  However, the *Cunningham* case involved an implied indemnity obligation, not a contractual indemnity obligation as is asserted here.  *See id.* (explaining that "there is no indemnity clause contained in the contract").

[4] Sureway's citation to *American Home* is unavailing.  There, the payment of attorneys' fees and court costs was at issue, not a duty to defend.  *Am. Home*, 475 F. Supp. at 1175.  Moreover, all of the parties to the federal proceeding were already parties to the state proceeding.  *Id.*

8

*Cunningham Bros.*, 407 F.2d at 1169 (explaining that where "no contractual duty to defend exists, no duty to do anything arises until the alleged indemnitee is adjudged liable"). Accordingly, the Court concludes that deciding whether the duty to defend applies will serve a useful purpose. Moreover, because the duty to defend and the duty to indemnify stem from the same contractual provision, it makes little sense to sever the two disputes. *Ohio Cas. Ins. Co. v. Farmers Bank of Clay, Kentucky*, 178 F.3d 570, 575 (6th Cir. 1949).

The third factor is whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata." This is currently the only forum addressing the claims between Lamson and Sureway. The critical issues in this lawsuit—whether the indemnity clause covers Lamson's or the driver's performance under the agreement—are independent of the negligence issues that the Missouri court will decide. Courts generally entertain declaratory judgment actions when the issues are distinct from the issues being decided in state court. *See Nautilus*, 15 F.3d at 380 (reversing a district court's dismissal where "there is no significant overlap in the issues of fact that must be decided to resolve these two separate and independent legal controversies"). The cases cited by Sureway can be easily distinguished, since each involved extensive overlap with the pending state court proceedings. *See Omaha Prop. & Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 447 (6th Cir. 1991) ("The result of these two rulings in the state and federal courts may be that similar factual issues concerning liability and coverage will be resolved inconsistently."); *Allstate Ins. Co. v. Mercier*, 913 F.2d 273 (6th Cir. 1990) (explaining that a federal determination of policy coverage would depend upon the same facts being adjudicated in State court); *Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (holding that a litigant's attempt to bring an

indemnity claim already rejected by the state court was improper).

The fourth factor is whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction. First, the Court has already concluded that any decision it renders is unlikely to conflict with the state law tort issues before the Missouri court. Second, the parties' contract is governed by Ohio law. (Comp. Ex. A, p. 11 ¶ 18). The Missouri courts have no greater interest in deciding issues of Ohio law than this Court. Third, the Ohio state law issues do not appear to be particularly difficult. *See Scottsdale*, 211 F.3d at 968 (affirming the district court's decision not to address undetermined issues of state law); *Nautilus*, 15 F.3d at 378 (explaining that "the questions of state law raised in the federal action . . . involve the routine application of settled principles of law to particular disputed facts"). Entertaining this action will not result in friction between this Court and the courts of Missouri.

The fifth factor is whether there is an alternative remedy that is better or more effective. Sureway suggests that Lamson "seek leave to attempt to name ATS [Sureway] as a third-party defendant in the State Court Action pursuant to Mo. Civ. Rule 14(a)" rather than "burden[ing] its home jurisdiction with this speculative claim." Under this logic, every declaratory judgment action would be dismissed based on the mere possibility that the defendant could be brought into the original lawsuit. In this regard, the Court notes that Sureway is not currently a party to the Missouri action and has not stipulated that it could be a party to that action. The proposed alternative is not better or more effective.

In sum, none of the five factors favor dismissal of this action. This case is a far cry from a typical action where an insurer seeks a favorable forum to adjudicate the merits of a dispute

also pending in state court under the guise of resolving a dispute over coverage.  *Cf., e.g., Transp. Underwriters*, 240 F. Supp. at 194 ("We are uncomfortably aware that insurance companies have attempted to use federal courts as arenas for the determination of questions which arise in State court litigation.").  These parties are not adverse in the Missouri litigation and the Court's decisions here will not interfere with that case.  The Court will not exercise its discretion to dismiss this action.

### **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

                                    /s/ Patricia A. Gaughan
                                    PATRICIA A. GAUGHAN
                                    United States District Judge

Dated:  4/7/06